UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TK MECHANICAL, INC. | ) | Case No. 12-12158-BFK |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| H. JASON GOLD, TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 13-01141 |
| | ) | |
| KG SHEET METAL SERVICES, INC. | ) | |
| | ) | |
| Defendant | ) | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Plaintiff's Motion for Default Judgment against Defendant KG Sheet Metal Services, Inc. (Docket No. 6). The Plaintiff filed the Complaint on June 6, 2013, and seeks to recover $22,924.84 from the Defendant on a preferential transfer made on or within 90 days prior to the filing of the Debtor's Bankruptcy Petition. There being no Answer filed to the Plaintiff's Complaint, the Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that a money judgment in the amount of $22,924.84 be entered for the Plaintiff.

**Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and the Order of Reference of the U.S. District Court for this District dated August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F). Complaint, ¶ 3. Because the Plaintiff seeks to augment the bankruptcy estate by the entry of a money judgment, the Court will enter a Report

1

and Recommendation, and not a final order, pursuant to the District Court's opinion in

*McCarthy v. Wells Fargo Bank, N.A. (In re El-Atari)*, No. 1:11cv1090, 2011 WL 5828013 (E.D. Va. Nov. 18, 2011).

## The Plaintiff's Motion for Default Judgment

According to the allegations of the Complaint, on April 3, 2012 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code"). Complaint at ¶ 5. From January 4, 2012 through April 3, 2012, the Debtor made four transfers by check, electronic transfer, debit, and/or other manner to the Defendant. *Id.* at ¶ 7. First, the Debtor issued a check for $13,211 to the Defendant on January 6, 2012. *Id.* at Ex. A. This check cleared on January 12, 2012. *Id.* Second, the Debtor issued a check for $4,013.84 to the Defendant on February 17, 2012. *Id.* This check cleared on February 24, 2012. *Id.* Third, the Debtor issued a check for $2,500 to the Defendant on March 16, 2012. *Id.* This check cleared on March 22, 2012. *Id.* Fourth, the Debtor issued a check for $3,200 to the Defendant on March 19, 2012. *Id.* This check cleared on March 22, 2012. *Id.*

On June 6, 2013, the Plaintiff filed this adversary proceeding to recover the funds. On June 7, 2013, this Court issued a Summons and Notice of Pre-Trial Conference, which required the Defendant to file an Answer no later than July 8, 2013. Docket No. 3. The Summons and Complaint were properly served on the Defendant via first class mail on June 12, 2013, pursuant to Fed. R. Bankr. P. 7004(b)(3). Docket No. 5. On July 17, 2013, the Plaintiff filed the present Motion for Default Judgment, which seeks a $22,924.84 money judgment against the Defendant. Docket No. 6.

The Court scheduled a hearing on the Plaintiff's Motion for Default Judgment for August 19, 2013. Notice of the hearing was served on the Defendant on July 17, 2013. Docket No. 9.

The Notice provided: "[u]nless a written response and supporting memorandum are filed and served by [seven days before the hearing date], the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing." *Id.* The Defendant did not file a response. Pursuant to Fed. R. Bankr. P. 7012(a), "[i]f a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court."  The Court finds that the Summons was properly served on the Defendant, and that the Defendant failed to file an Answer in accordance with Fed. R. Bankr. P. 7012.  The Court further finds that the amount sought is for a sum certain.  Accordingly, this Court recommends that the Plaintiff's Motion for Default Judgment be granted, and that a money judgment in the amount of $22,924.84 be entered for the Plaintiff.

## Conclusion

For the reasons stated above, the Court recommends that the Plaintiff's Motion for Default Judgment be GRANTED, and that a money judgment in the amount of $105,208.95, through the entry of the Judgment, be ENTERED for the Plaintiff against the Defendant.  Interest on the principal amount of the Judgment will accrue post-Judgment at the federal judgment rate provided in 28 U.S.C. § 1961.

The Defendant is notified that Bankruptcy Rule 9033(b) provides as follows:

**Objections:  Time for Filing.  Within 14 days after being served with a copy of the proposed findings of fact and conclusions of law a party may serve and file with the clerk written objections which identify the specific proposed findings or conclusions objected to and state the grounds for such objection.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  A party objecting to the bankruptcy judge's proposed findings or conclusions shall arrange promptly for the transcription of the record, or such portions of it as all the**

**parties may agree upon or the bankruptcy judge deems sufficient, unless the district judge otherwise directs.**

Fed. R. Bankr. P 9033(b).

The Court will issue an Order making the foregoing recommendation to the District Court.

Date: Aug 26 2013

/s/ Brian F. Kenney
_____
Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: 8/28/2013

Copies to:

John T. Farnum, Esquire
Wiley Rein LLP
7925 Jones Branch Drive
Suite 6200
McLean, VA 22102
Counsel to the Plaintiff

Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, Virginia 22314

KG Sheet Metal Services, Inc.
Rhonda J. Grenier, Resident Agent
9720 Marshall Corner Road
White Plains, Maryland 20695
Defendant, *pro se*